[Civ. No. 18431.   Second Dist., Div. Two.   July 24, 1951.]

LOS ANGELES TRANSIT LINES (a Corporation) et al., Appellants, v. CLARA DAWSON, Respondent.

Morrow & Trippet and Henry R. Thomas for Appellants.

Betts, Ely & Loomis for Respondent.

MOORE, P. J.—A motion to dismiss appellants' action for declaratory relief having been granted on the ground that a declaration of the parties' legal rights and duties was not necessary and proper under all the circumstances alleged, plaintiffs appeal from the order of dismissal.

The complaint alleges: On or about May 11, 1948, plaintiff Wilcox was operating a vehicle as agent of Los Angeles Transit Lines; on such date his vehicle collided with one driven by defendant Prettyman as agent for defendant Hughes; as a result of that collision the defendant Dawson, a pedestrian, was struck and injured; thereafter Dawson recovered judgment for $126,937.55 against plaintiffs and defendants Hughes and Prettyman; plaintiffs' appeal from that judgment is now pending.

By way of explaining how the instant controversy arose, the complaint declares that on or about August 25, 1950, Dawson, Hughes and Prettyman entered into an agreement by which Dawson was to receive $50,000 from Hughes and his agent, Prettyman; that Mrs. Dawson contends this agreement does not constitute a release of Hughes, Prettyman or plaintiffs, and also that plaintiffs are not entitled to credit on the judgment she obtained against Hughes, Prettyman and plaintiffs herein. However, plaintiffs claim that such agreement does effect a release of all defendants in the prior suit and that it at least constitutes a partial satisfaction of the judgment; that consequently an actual controversy exists as to the respective rights and duties of the parties.[1]

---

[1] Attached to the complaint is a copy of the agreement. Its preamble recites the history of the previous action, the contention of Hughes that he has good grounds for appeal from the judgment, the fact of his having filed notice thereof, his inability to provide bond to stay execution pending appeal, and the contention of Dawson that no cause for appeal existed.

Following the preamble the parties set forth: (1) Hughes shall pay

The complaint closes with the prayer that the court declare the nature and extent of the rights and duties of the respective parties under the agreement of August 25, 1950. Thus, the only question presented for decision is whether the trial court abused its discretion in granting the motion to dismiss the action.

---

Dawson $50,000; (2) shall file an abandonment of the appeal by both Hughes and Prettyman; (3) Dawson shall sincerely resist the appeal of Wilcox and Transit Lines and prosecute any adverse decision to a final judgment of the Supreme Court; (4) in the event the appeal of the last named parties shall succeed she will retry the action and carry the judgment to its completion by appeal; no provision herein shall be construed as restricting Dawson's right to compromise her judgment or a settlement of her claim should a new trial be granted; (5) she shall stay execution against Hughes until a judgment becomes final in the action against Transit Lines; (6) should final judgment be entered against Transit Lines, Dawson shall attempt to satisfy it out of that company's property or its insurer; (7) in the event such judgment be so satisfied, Dawson shall execute a satisfaction thereof against Hughes and Prettyman on receipt of (a) $10 from Hughes and (b) the latter's demand for such satisfaction; (8) should the existing judgment be reversed and Transit Lines finally prevail, then on payment of $100 to Dawson by Hughes either the latter or Prettyman may demand, and Dawson shall execute and deliver to either of them, a partial satisfaction of the judgment in the sum of $50,000, and Dawson agrees that any execution which she shall thereafter secure, shall run only to such portion of the judgment as shall be in excess of said partial satisfaction of $50,000. The contract then proceeds as follows:

"6. It is agreed that should the existing Judgment in favor of Dawson and against the Transit Lines be satisfied by the Transit Lines as a result of a compromise agreement between said parties, then Hughes may, at his option, make written demand for a full and complete satisfaction of the Judgment herein referred to in favor of Dawson and against Hughes and Prettyman, and Dawson agrees to execute and deliver to Hughes within thirty (30) days after receipt of said written demand such full and complete satisfaction of judgment.

"7. Hughes and his counsel are apprehensive lest a stranger to the judgment hereinbefore described should buy said judgment from Dawson, and then attempt to satisfy it out of the assets of Hughes alone. As part of the consideration under this agreement, Dawson agrees that she will not, without the written consent of Hughes, sell or assign, either in whole or in part, to any third person said judgment presently held by her against the defendants Hughes and Prettyman.

"8. It is further agreed that the Fifty Thousand Dollars ($50,000) payment provided for hereinabove shall be paid by Hughes to Dawson as follows: Thirty Three Thousand Dollars ($33,000) coincident with the execution of this agreement (and in this regard it is understood that the said sum of Thirty Three Thousand Dollars ($33,000) so paid shall include the sum of Twenty Seven Thousand Seven Hundred Twenty Seven and 41/100 Dollars ($27,727.41) which is being paid for and on behalf of Hughes and Prettyman by the Hardware Mutual Insurance Company under the terms of an insurance policy heretofore issued by said company to M. A. Hughes and his employees), and that the balance, to-wit: Seventeen Thousand Dollars ($17,000) shall be paid

Section 1060, Code of Civil Procedure, provides that one who desires a declaration of his rights and duties with respect to another may bring an action for such declaration "in cases of actual controversy relating to the legal rights and duties of the respective parties."

The pleading clearly states the opposing views of two sides of a controversy with respect to a writing which was effected through the instrumentality of defendants for their advantage only and which, plaintiffs contend, operates for their benefit to the extent of not less than $50,000. Dawson as judgment creditor for $126,937.55 against defendants Hughes and Prettyman, had by the agreement promised to accept payment of $50,000 from Hughes and Prettyman and agreed sincerely to resist the appeal taken by Wilcox and Transit Lines. Yet, it also provides that Dawson will endeavor to collect the whole of the judgment from plaintiffs even though she has received the $50,000, making a possible total of $176,937.55—$50,000 more than the sum awarded under the judgment.

Under these allegations there was a clear abuse of discretion. Appellants logically claim that the agreement constituted a release of all defendants from liability under the judgment or that, at least, the judgment was partially satisfied to the extent of $50,000. Here was an existing controversy concerning the rights and duties of the parties. ▮ "The purpose of a declaratory judgment is to serve some practical end in quieting or stabilizing an uncertain or disputed jural relation." (*Maguire* v. *Hibernia Savings & Loan Society*, 23 Cal.2d 719, 729 [146 P.2d 673, 151 A.L.R. 1062].) ▮ The complaint is sufficient if it declares facts showing a controversy over the rights and duties of the parties under a written

in four (4) equal installments of Four Thousand Two Hundred Fifty Dollars ($4,250) on each of the following dates: September 15, 1950
October 15, 1950
November 15, 1950
December 15, 1950
and there shall be paid interest upon said Seventeen Thousand Dollars ($17,000) or the unpaid balance thereof at the rate of $3\frac{1}{2}\%$ per annum commencing with the date of the execution of this Agreement; said interest payments to be made concurrently with, and in addition to, the four (4) installment payments provided for above. Failure of Hughes to make any of the payments in the amounts or at the times provided herein shall be considered a material and substantial breach of this Agreement, and upon such failure, Dawson may, at her option, be relieved of any further obligation to perform the covenants of this Agreement.

"Signed this 25th day of August, 1950."

agreement and seeks their adjudication. (*Flynn* v. *Flynn*, 103 Cal.App.2d 91, 94 [229 P.2d 5].)

The relief requested is proper in order to guide the parties in their future conduct with regard to the feasibility of continued litigation. Obviously, if the agreement effected a release of the various defendants, the pending appeal has become moot and should be dismissed forthwith, in order to prevent the useless expenditure of time and effort of this court and of all parties concerned. Assuming also that the agreement constituted a partial satisfaction of the judgment, this fact would be of considerable weight in the negotiation of a possible settlement and resulting dismissal of the appeal.

Respondents argue (1) that the pending appeal of the original action will serve to settle all questions between the parties inasmuch as plaintiffs may plead the agreement in defense at a second trial, if they should be successful on such appeal; (2) if plaintiffs here should fail on the appeal they may thereafter make a motion for satisfaction of judgment based on this agreement.

Neither alternative avoids the hurdle raised by appellants that this court and the parties will be forced to shoulder the burden of entertaining the appeal when it may well be that the questions for review are now moot. As regards the suggested motion for satisfaction of the judgment, it is unlikely that such remedy is ''speedy and adequate or as well suited to plaintiff's needs as declaratory relief.'' (*Maguire* v. *Hibernia Savings & Loan Society, supra,* page 733.)

Judgment reversed.

McComb, J., and Wilson, J., concurred.